UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 22-20300-CR-MARTINEZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ARMANDO ANTONIO SUMOZA-PADRON,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION

**THIS CAUSE** came before the Court upon Defendant's Motion for Sentence Reduction ("Motion"). (ECF No. 131.) After careful consideration of the briefing and record, the Court **DENIES** the Motion.

Defendant appealed his Judgment in a Criminal Case on December 12, 2022. (ECF No. 70.) "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *United States v. Tovar-Rico*, 61 F.3d 1529, 1532 (11th Cir. 1995) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)) (per curiam)). "When an appeal is filed, 'the district court is divested of jurisdiction to take any action with regard to the matter except in aid of the appeal.'" *United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013) (quoting *Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986)).

Here, this Court lacks jurisdiction over Defendant's Motion because his appeal is still pending. *See United States v. Munne*, No. 22-20182-CR, 2023 WL 8449522, at *2 (S.D. Fla. Dec. 6, 2023) (denying defendant's motion for sentence reduction because the court "does not have

jurisdiction to grant [defendant's] requested relief or otherwise modify his sentence while the appeal is pending.").

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, (ECF No. 131), is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this __7__ day of April 2025.

                                                   _____
Copies provided to:                           JOSE E. MARTINEZ
All Counsel of Record                     UNITED STATES DISTRICT JUDGE